■ TREFF OPERATING CORP., Respondent, v. TOWN OF ISLIP et al., Appellants.— In an action to declare the Zoning Ordinance of the Town of Islip unconstitutional and confiscatory insofar as it affects vacant land owned by plaintiff, the land being zoned in an "AA" district, the defendants appeal from an order of the Supreme Court, Suffolk County, dated August 30, 1960, denying their motion for summary judgment dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act. Order affirmed, with $10 costs and disbursements. There are triable issues in this case which should await the outcome of a trial. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ CHARLES WATKINS et al., Respondents, v. HARRIS J. SHAPIRO, Appellant. (Action No. 1.) GLADYS WATKINS, Plaintiff, v. HARRY SHAPIRO, Defendant. (Action No. 2.) HARRIS J. SHAPIRO, Plaintiff, v. GLADYS WATKINS, Defendant. (Action No. 3.) — In three actions, consolidated and tried together, Action No. 1 being by the female plaintiff to recover damages for personal injuries and by her husband for medical expenses and loss of her services; Action No. 2 being by the female plaintiff to recover for damages to her automobile; and Action No. 3 being by defendant Shapiro against the female plaintiff to recover for damages to his automobile, the said defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County, entered February 24, 1960, on a jury verdict in Action No. 1 of $12,000 in favor of the female plaintiff and $6,000 in favor of her husband, after a jury trial. Judgment insofar as it is in favor of the female plaintiff in Action No. 1, and insofar as appealed from, affirmed, without costs. Judgment insofar as it is in favor of her husband in Action No. 1, reversed on the facts, said action severed as to him, and a new trial granted, with costs to abide the event, unless, within 20 days after the entry of the order hereon, he shall stipulate to reduce to $3,000 the amount of the verdict in his favor, in which event the judgment in his favor, as so reduced, is affirmed, without costs. In our opinion the verdict in favor of the plaintiff-husband, is excessive and should be reduced to the extent indicated. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.